Jacob Worth, Respondent, v. The City of Brooklyn, Appellant.

*City of Brooklyn — expenditures of the county clerk of Kings county in the care of county records are a charge against that city — audit of the claim.*

An expenditure made in July, 1897, by the county clerk of Kings county in arranging papers which were scattered and mixed together by reason of thirty-two large cases in his office falling from their places without fault on his part, being a proper county charge under section 230 of chapter 686 of the Laws of 1892 (the County Law), is, under section 2 of chapter 954 of the Laws of 1895, consolidating the governments of the county of Kings and the city of Brooklyn, a proper charge against the latter.

Where such defense is not set up in the answer or suggested upon the trial of an action brought against the city to enforce such claim, it cannot be successfully argued, on appeal, that before the plaintiff could enforce his claim he was bound to procure authority for its payment from the common council of the city of Brooklyn.

Appeal by the defendant, The City of Brooklyn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of May, 1898, upon the report of a referee.

*Almet F. Jenks* [*Jerome W. Coombs* with him on the brief], for the appellant.

*Hugo Hirsh*, for the respondent.

WILLARD BARTLETT, J. :

The County Law provides that the county clerk shall "have the custody of all books, records, deeds, parchments, maps and papers, deposited in his office in pursuance of law, and attend to their arrangement and preservation." (Laws of 1892, chap. 686, § 161.)

The same statute, in defining what constitute county charges, enumerates "moneys necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law." (Laws of 1892, chap. 686, § 230.)

By the act to consolidate the governments of the county of Kings and the city of Brooklyn, and to regulate the same, it was declared, among other things, that all charges and liabilities then existing against Kings county, or which might thereafter arise or accrue in said city and county, and which, but for that act, would be charges against, or liabilities of, said county, should, from and after the 1st day of January, 1896, for the purpose of the enforcement thereof, be deemed and taken to be charges against, or liabilities of, the city of Brooklyn. (Laws of 1895, chap. 954, § 2.)

On the 21st day of July, 1897, while the plaintiff was county clerk of Kings county, thirty-two large cases in his office fell from their places, and in their fall scattered and mixed thousands of papers therein contained, breaking, tearing and destroying books, records and documents, and thereby, for the time being, greatly impairing the usefulness of the county clerk's office as a place of record for public documents. This occurred, as the referee in the present case has found upon evidence which justifies such finding, without any fault or negligence on the part of the plaintiff. In order to rearrange the papers and to rebind, repair and rearrange the judgment dockets and books damaged by the accident, the plaintiff employed skilled workmen and expert superintendents, and paid out in salaries and other necessary expenses the sum of $14,800. No question is raised upon this appeal as to the necessity of this expenditure, or the reasonableness of the amount expended. The only question is, whether the plaintiff had authority to incur the liability so as to bind the city to pay it.

The statutes which have been cited conferred upon the county

clerk the power to repair the damage done by the accident at a reasonable expense to the municipality. In so doing he simply discharged his duty under the County Law to attend to the arrangement and preservation of the books, papers and other documents deposited in his office pursuant to law. The expenditure therefor (always assuming it to have been reasonable, as we are bound to do upon the record before us in this case) would have been a county charge against the county of Kings before the county government was consolidated with the government of the city of Brooklyn. By force of the consolidation statute it became a charge against the city. To a charge of this kind, provisions of the city charter in regard to contracts had no application. Under the provisions of the County Law relating to the powers of boards of supervisors, charges against the county are required to be audited annually by the board. (§ 12, subd. 2.) The consolidation statute of 1895, uniting the Kings county and Brooklyn governments, devolved upon the common council of the city all the powers and duties formerly vested in the board of supervisors of Kings county; and it is argued, in behalf of the appellant, that before the plaintiff could enforce his claim he was bound to procure authority for its payment from the common council. No such defense as this was set up in the answer or suggested upon the trial. The city has had the advantage of the expenditure of the money by the plaintiff, and no valid reason in law has been presented on this appeal why it should not repay to him the amount which he has spent for its benefit.

Different questions would arise if there was any suggestion of fraudulent or excessive expenditure in the case, but there is none.

On the evidence we think that the judgment was right, and should be affirmed.

All concurred.

Judgment affirmed, with costs.